## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TRILOGY DEVELOPMENT COMPANY, | )   **Case No: 09-42219** |
| LLC, | )   **Chapter 11** |
| | ) |
| Debtor. | ) |

## MOTION TO EXTEND DEBTOR'S EXCLUSIVITY PERIODS TO FILE PLAN AND DISCLOSURE STATEMENT AND SOLICIT PLAN ACCEPTANCE

COMES NOW Debtor Trilogy Development Company, LLC, by and through undersigned counsel, and for its Motion to Extend Debtor's Exclusivity Periods to File Plan and Disclosure Statement and Solicit Plan Acceptance (the "Motion"), states as follows:

1.      On May 15, 2009 (the "Petition Date"), Debtor filed its voluntary Petition under Chapter 11 of the Bankruptcy Code. Debtor continues to operate its business and manage its properties as debtor-in- possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      Debtor's business consists of the ownership and operation of a substantial real estate development located in the Plaza area of Kansas City, Missouri and described as the West Edge Project (the "Project"). The Project is a mixed use development consisting of a hotel and office building with a parking structure. This troubled development entails a variety of complex and disputed construction and financial issues including the following:

      a)      controversy with the former general contractor, J.E. Dunn Construction Company, and the relating arbitration proceeding;

      b)      multiple claims of subcontractors and suppliers for mechanic liens;

      c)      TIF financing;

      d)      disputed claims over ownership of materials for the Project;

{Client Files\JAM\C12529\000\00748395.DOC; 1 }

e)      ongoing analysis of costs to enclose structure;

f)      projections on completion of the Project;

g)      additional funding needs and post-petition financing;

h)      marketing and sales efforts;

i)      ongoing insurance coverage; and

j)      safeguarding premises and security personnel.

3.      Pursuant to 11 U.S.C. §§ 1121(b) and (c)(2), Debtor is afforded a 120-day exclusive period after the order for relief to file a plan (the "120 Day Exclusivity Period"). In addition, 11 U.S.C. § 1121(c)(3) provides that no other party in interest may file a plan unless Debtor has not filed a plan that has been accepted by each class of the claims or interests that are impaired under the plan within 180 days of the date of the order for relief (the "180 Day Exclusivity Period").

4.      Debtor's 120 Day Exclusivity Period to file a plan currently runs until September 14, 2009, and the 180 Day Exclusivity Period lapses on November 11, 2009. The Court may extend the exclusivity periods in accordance with § 1121(d):

> On request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

5.      Although the term "cause" contained in § 1121(d) is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtor to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1977). The Courts recognize the broad flexibility of § 1121(d). *See In re McLean Indus., Inc.* 87 B.R. 830, 833 (Bkrtcy. S.D.N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong. 2d Sess. 231 (1978) *reprinted in* 1978 U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of New Hampshire,* 88 B.R.

521, 534 (Bkrtcy. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility."); *In re Perkins,* 71 B.R. 294, 297 (W.D. Tenn. 1987) ("The hallmark of [section 1121(d)] is flexibility.")

6.       A significant factor in favor of an extension of exclusivity is the size and complexity of the Chapter 11 case. *See McLean,* 87 B.R. at 834 ("Here . . . the case is nonetheless complex and requires considerably further study before a plan of reorganization could be proposed and intelligently communicated to creditors for their acceptance."); *In re Pine Run Trust, Inc.,* 67 B.R. 432, 435 (Bkrtcy. E.D. Pa. 1986) ("traditional ground for cause [to extend exclusivity is] the large size of debtor and the concomitant difficulty in formulating a plan of reorganization"); *In re Express One Intern., Inc.,* 194 B.R. 98 (Bkrtcy. E.D. Tex. 1996) (citing *Pine Run Trust*); *In re United Press Intern., Inc.,* 60 B.R. 265 (Bkrtcy. D. Dist. Col. 1986). As one New York bankruptcy court observed:

> The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.

*In re Texaco,* 76 B.R. 322, 326 (Bkrtcy. S.D.N.Y. 1987). *See also In re Hoffinger Industries, Inc.,* 292 B.R. 639, 644 (8th Cir. BAP 2003) ("the court reasonably concluded that this is a complex case").

7.       *Hoffinger, supra,* is a leading decision in this jurisdiction on the issue of extension of exclusivity. In *Hoffinger,* the Bankruptcy Appellate Panel affirmed the lower court's approval of a five month extension of exclusivity. In reaching this conclusion, the *Hoffinger* court noted, *inter alia,* that the Chapter 11 case was large and complex, debtor was paying postpetition expenses as they became due, and debtor had adequate financing in place.

8.      Given the multitude of issues described above, Debtor submits that this case falls well within the recognized parameters for approval of an extension of exclusivity. The Chapter 11 proceeding certainly entails sizeable and complex claims as reflected by Schedule D listing secured claims in excess of $90,000,000 in addition to several millions of dollars in disputed mechanic lien claims. Debtor has been addressing, and to a significant extent continues to address, the plethora of operational and restructuring issues listed in paragraph 2.

9.      Accordingly, Debtor submits that "cause" exists for an extension of exclusivity under § 1121(d). Debtor seeks to extend the 120 Day Exclusivity Period for ninety (90) days until December 14, 2009 and the 180 Day Exclusivity Period by an additional sixty (60) days thereafter to February 12, 2010. This Motion represents Debtor's first request for an extension of the exclusivity periods. The Motion is not filed for the purpose of delaying proceedings hereunder, but is intended to permit Debtor a genuine opportunity to achieve sufficient progress on the numerous issues facing the estate that will position Debtor to formulate a viable reorganization program. Debtor submits that the relief requested herein is in the best interests of the estate and its creditors as it would promote the prospects for a successful reorganization.

WHEREFORE, Debtor respectfully requests this Court to enter an Order extending the 120 day exclusivity period described in 11 U.S.C. § 1121(b) and (c)(2) until December 14, 2009 and the 180 day exclusivity period described in 11 U.S.C. 1121(c)(3) until February 12, 2010.

Respectfully submitted,

MCDOWELL RICE SMITH & BUCHANAN

/s/ Jonathan A. Margolies
Jonathan A. Margolies          MO #30770
605 W. 47th Street, Suite 350
Kansas City, MO  64112
Telephone:    (816) 753-5400
Facsimile:    (816) 753-9996
Email:        jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of September, 2009, a copy the foregoing was served via U.S. First Class mail, postage prepaid, to:

Trilogy Development Company
4600 Madison, Suite 1500
Kansas City, MO  64112

Sherri Wattenbarger
Office of the United States Trustee
400 East 9th Street, Room 3440
Kansas City, MO   64106

Daniel J. Flanigan
James E. Bird
Polsinelli Shughart PC
700 W. 47th Street, Suite 100
Kansas City, MO  64112

Peter C. Blain
Reinhart Boerner VanDeuren sc
1000 N. Water Street, P.O. Box 2965
Milwaukee, WI  53202

John T. Coghlan
Lathrop & Gage
2345 Grand Blvd., Suite 2800
Kansas City, MO  64108

Benjamin F. Mann
John J. Cruciani
Husch Blackwell Sanders, LLP
4801 Main Street, Suite 1000
Kansas City, MO  64112

Thomas M. Franklin
The Franklin Law Firm
1310 Carondelet Drive, Suite 300
Kansas City, MO  64114

Chris W. Henry
Payne & Jones
11000 King, P.O. Box 25625
Overland Park, KS  66225

Eric L. Johnson
Spencer Fane Britt & Browne
1000 Walnut, Suite 1400
Kansas City, MO  64106

David W. Kenner
Robert M. Piktin
Scott Seitter
Levy & Craig PC
1301 Oak Street
Kansas City, MO  64106

Cindy Reams Martin
408 S.E. Douglas
Lee's Summit, MO  64063

Christine I. Miller
1124 SW Main Street
Blue Springs, MO  64015

Joel Pelofsky
Spencer Fane Britt & Browne, LLP
1000 Walnut, Suite 1400
Kansas City, MO  64106

Janice E. Stanton
Stanton & Redlingshafer, LLC
104 West 9th Street, Suite 303
Kansas City, MO  64105

Roger H. Templin
Payne & Jones
11000 King, Suite 200
Overland Park, KS 66225

Eric Van Beber
10111 W. 87th Street
P.O. Box 12290
Overland Park, KS  66282

Frank Wendt
Brown & Ruprecht, PC
911 Main Street, Suite 2300
Kansas City, MO  64105


/s/ Jonathan A. Margolies
Attorney for Debtor