IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| TRILOGY DEVELOPMENT COMPANY, ) | Case No: 09-42219 |
| LLC, ) | Chapter 11 |
| Debtor. ) | |

## MOTION FOR EXTENSION OF POST-PETITION FINANCING AND INCREASE OF BORROWING LIMIT

COMES NOW Debtor Trilogy Development Company, LLC, by and through undersigned counsel, and for its Motion for Extension of Post-Petition Financing and Increase of Borrowing Limit, states as follows:

## I. SUMMARY OF PROPOSED EXTENDED POST-PETITION FINANCING TERMS

1. The proposed terms of this requested extension of post-petition financing and increase of the borrowing limit are as follows:

   A. <u>Parties</u>: Trilogy Development Company, LLC (the "Debtor") as debtor-in-possession and borrower and BB Syndication Services, Inc. (the "Lender") as post-petition lender.

   B. <u>Principal Amount</u>: $400,000 of additional financing (the "Additional Financing") to fund the Budget attached hereto as Exhibit "1."

   C. <u>Maturity</u>: the Additional Financing together with any balance due on the original post-petition financing of $800,000 (the "Original Financing") arising out of the Motion for Entry of Interim and Final Orders (A) Authorizing Post-Petition Financing and (B) Request for Scheduling Hearings on Interim and Final Approval (the "Financing Motion"), filed June 25, 2009 (Doc. #42) and approval of same by the Interim Order (Doc.

#52) and Final Order (Doc. #61) shall be repaid on the earlier of (i) November 30, 2009 or (ii) the occurrence of a Termination Event as defined in the Final Order.

D. Remaining Terms: all other terms and conditions of the Additional Financing shall be the same as set forth in Section I, "Summary of Proposed Post-Petition Financing Terms", of the Financing Motion and approved in the Final Order.

## II. BACKGROUND AND RELIEF REQUESTED

2. On May 15, 2009, Debtor filed its voluntary Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Code"). Debtor retains possession of its property and control of its affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Debtor's business consists of the ownership and operation of a substantial real estate development located in the Plaza area of Kansas City, Missouri and described as the West Edge Project (the "Project"). The Project is a mixed use development consisting of a hotel and office building with a parking structure. This development entails a variety of construction and financial issues which precipitated the bankruptcy filing and involves a significant number of other parties.

4. Debtor's principal source of financing derived from that certain pre-petition Construction Loan Agreement, dated March 27, 2006, with Lender (the "Prepetition Credit Agreement") which provided the funding for construction of the Project. The indebtedness and obligations of the Debtor to Lender under the Prepetition Credit Agreement and all related notes, instruments, agreements, and other documents are hereinafter referred to collectively as the "Prepetition Indebtedness." The Prepetition Indebtedness is secured by essentially all of Debtor's

assets which primarily consist of the land and improvements comprising the Project (the "Prepetition Collateral"). Various contractors and material men have asserted mechanic liens under Missouri law, some of which are subject to challenge. Marshall & Ilsley Bank ("M&I Bank") asserts a junior lien against the Prepetition Collateral.

5. Protection of the Project and preservation of its value are paramount issues in this case. An ongoing need exists for the Debtor to obtain sufficient post-petition financing with which to continue its operations, acquire goods and services, and pay other necessary and ordinary business expenses. Specifically, Debtor requires the funds necessary to address and discharge such vital needs as the expenses for a) continuous insurance coverage, b) security personnel and alarm systems to safeguard the Project, and c) ongoing repairs and maintenance at the Project.

6. In the aftermath of the bankruptcy filing, Debtor, by and through counsel, commenced good faith negotiations with Lender and its counsel to secure post-petition financing to address the foregoing expenses. The parties ultimately reached agreement on post-petition financing in the total sum of $800,000.00 as provided in the Financing Motion. The Financing Motion, subsequently approved by the Interim and Final Orders, provided funding to Debtor based on a budget for costs through September 30, 2009. The Original Financing will soon expire and Debtor therefore seeks authorization for an extension of the Original Financing and an increase of the borrowing limit (hereinafter referred to as the "Additional Financing").

7. Debtor seeks approval of the Additional Financing in accordance with the attached Budget. The Budget covers a two-month period commencing on October 1, 2009 and ending November 30, 2009. The Budget reflects anticipated costs for this two-month period in the amount of $732,257. Although the Additional Financing entails increased funding of only

$400,000, sufficient funding availability exists from the Original Financing to cover the costs of this Budget.

8. Debtor seeks authorization of the Additional Financing pursuant to sections 364 and 105 of the Code. In order to secure the Additional Financing and otherwise provide Lender with adequate protection, Debtor proposes to grant Lender a senior priority lien under section 364(d) on all prepetition and postpetition property of the Debtor and the Debtor's estate, wherever located, whether now owned or hereafter acquired, and all proceeds and products thereof (the "Collateral"); provided, however, that nothing herein be deemed to grant the Lender a lien upon causes of action or recoveries under sections 544, 545, 547, 548, 549, 550, or 553 of the Code, nor shall anything herein be deemed to grant the Lender a lien upon any separate collateral upon which M&I may have a valid lien under that certain security agreement encumbering Debtor's rights under an agreement dated January 14, 2004 by and between the Taxing Increment Financing Commission of Kansas City, Missouri and Roanoke Manor, L.L.C., as amended and assigned to the Debtor (the "TIF Agreement").

9. Pursuant to section 364(d) of the Code, a court may authorize a debtor to obtain postpetition credit secured by a senior or equal lien on encumbered property (i.e., a "priming lien") when a debtor is unable to obtain credit elsewhere and the interests of existing lienholders are adequately protected. 11 U.S.C. § 364(d). Debtor submits that under the circumstances, it is not able to obtain unsecured credit nor can it obtain the credit necessary for its business operations on lesser terms than those required by Lender. In the Debtor's business judgment, the Additional Financing offered by Lender is the best and, in fact, the only financing available on the immediate basis needed for maintenance of Debtor's ongoing operations.

10. The proposed financing satisfies the factors for approval of § 364 post-petition financing adopted in this Court in *In re Farmland Industries, Inc., et al.*, 294 B.R. 855 (Bkrtcy. W.D.Mo. 2003). The *Farmland Industries* factors include the following:

A. The proposed financing is an exercise of sound and reasonable business judgment;

B. No alternative financing is available on any other basis;

C. The financing is in the best interests of the estate and its creditors;

D. As a corollary to the first three points, that no better offers, bids, or timely proposals are before the court;

E. The credit transaction is necessary to preserve the assets of the estate;

F. The terms of the transaction are fair, reasonable, and adequate, given the circumstances of the debtor-borrower and the proposed lender;

G. The financing is necessary, essential, and appropriate for the continued operation of the debtor's business and the preservation of the estate; and

H. The financing agreement was negotiated in good faith and at arms length between the debtor on the one hand and the lender on the other hand.

*Id.* at 879-880.

11. In the absence of the funding to be supplied by the Additional Financing, Debtor will be unable to pay for the indispensable costs set forth in the attached Budget. In such event, protection of the Project and preservation of its value would be substantially eroded and the bankruptcy estate would be exposed to irreparable damage and loss.

WHEREFORE, Debtor requests the Court to enter its Order approving the relief herein requested and to grant any other relief appropriate under the circumstances.

Respectfully submitted,

MCDOWELL RICE SMITH & BUCHANAN

*/s/ Jonathan A. Margolies*

| | |
|---|---|
| R. Pete Smith | MO #35408 |
| Jonathan A. Margolies | MO #30770 |

605 W. 47th Street, Suite 350
Kansas City, Missouri  64112
Telephone:    (816) 753-5400
Facsimile:    (816) 753-9996
email: jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTOR

## TRILOGY DEVELOPMENT COMPANY, LLC (THE WEST EDGE PROJECT)
### ESTIMATED BUDGET - OCTOBER 1, 2009 to NOVEMBER 30, 2009

| ITEM | ITEM DESCRIPTION | BUDGET 10/01/09 10/08/09 | BUDGET 10/09/09 10/15/09 | BUDGET 10/16/09 10/22/09 | BUDGET 10/23/09 10/29/09 | BUDGET 10/30/09 11/05/09 | BUDGET 11/06/09 11/12/09 | BUDGET 11/13/09 11/19/09 | BUDGET 11/20/09 11/30/09 | ESTIMATED 2-MONTH TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | GENERAL LIABILITY INSURANCE (AICCO, Inc.) | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| 2 | BUILDER'S RISK INSURANCE (Lockton/Travelers) | $ - | $ - | $ - | $ 200,000 | $ - | $ - | $ - | $ - | $ 200,000 |
| 3 | ELECTRICAL POWER (Kansas City Power & Light) | $ - | $ - | $ 4,500 | $ - | $ - | $ - | $ 4,500 | $ - | $ 9,000 |
| 4 | STORMWATER SERVICE (KCMO Water Services Dept.) | $ - | $ - | $ 175 | $ - | $ - | $ - | $ - | $ - | $ 175 |
| 5 | POSSIBLE SERVICES NEEDED AS OUTLINED BY WALTON and FROM TRILOGY ON-GOING SITE WALKTHROUGHS (see attached summary) | $ 39,819 | $ 12,144 | $ 72,140 | $ 13,500 | $ 33,019 | $ 15,000 | $ 60,390 | $ 47,220 | $ 293,232 |
| 6 | Interest on DIP debt (BBSSI) | $ 2,150 | | | | $ 3,300 | | | $ 4,400 | $ 9,850 |
| 7 | Marketing/Redevelopment Consultant | $ - | $ - | $ - | $ 100,000 | $ - | $ - | $ - | $ 100,000 | $ 200,000 |
| 8 | Legal Fees | $ - | $ - | $ - | $ 10,000 | $ - | $ - | $ - | $ 10,000 | $ 20,000 |
| | PERIOD ESTIMATED BUDGET TOTAL | $ 41,969 | $ 12,144 | $ 76,815 | $ 323,500 | $ 36,319 | $ 15,000 | $ 64,890 | $ 161,620 | $ 732,257 |
| | CUMULATIVE ESTIMATED TOTAL | | $ 54,113 | $ 130,928 | $ 454,428 | $ 490,747 | $ 505,747 | $ 570,637 | $ 732,257 | |


EXHIBIT 1