IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TRILOGY DEVELOPMENT COMPANY, LLC, | ) Case No: 09-42219-DRD-11 |
| | ) Chapter 11 |
| | ) |
| Debtor. | ) |

### ORDER APPROVING SALE OF PROPERTY
### FREE AND CLEAR OF LIENS AND INTERESTS

THIS MATTER comes on for hearing this 31st day of August, 2010, for consideration of approval of the sale of property free and clear of liens and interests pursuant to the Motion Under Sections 105(a) and 363 of the Bankruptcy Code to (I) Approve the Auction and Bid Procedures, (II) Approve the Sale of Property Outside the Ordinary Course of Business Free and Clear of Liens and Interests, and (III) Request for Expedited Hearing (the "Sale Motion") filed by Debtor Trilogy Development Company, LLC.  After review of the record and consideration of the statements of counsel,

THE COURT FINDS as follows:

1.  On May 15, 2009, Debtor filed its voluntary Petition under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code").  Debtor retains possession of its property and control of its affairs pursuant to 11 U.S.C. §§ 1107 and 1108.

2.  Debtor's business consists of the ownership and operation of a substantial real estate development located in the Plaza area of Kansas City, Missouri and described as the West Edge Project (the "Project").  The Project is a mixed use development consisting of a hotel and office building with a parking structure.

3.  Debtor filed the Sale Motion (Doc. #160) on July 8, 2010, seeking to establish certain procedures for the bidding, auction and sale of the Project free and clear of liens and

interests pursuant to 11 U.S.C. §363. The Sale Motion was approved by entry of an Order (Doc. #182) on August 11, 2010 (the "August 11 Order").

    4.    In accordance with the Sale Motion and the August 11 Order, the following events transpired:

    a)    five bids were received by the bid deadline of August 24 and all five bids were qualified in accordance with the Revised Auction and Bid Procedures (the "Procedures") attached to the August 11 Order;

    b)    the auction took place on August 26 (the "Auction") with the participation of all five bidders; and

    c)    the Auction concluded with the highest bid at $10,000,000 submitted by WERC, LLC ("WERC") and the next highest bid at $9,500,000 submitted by VA West Properties, LLC ("VA West").

The Auction was conducted in accordance with the August 11 Order and the Procedures and there is no evidence of collusion or other impropriety in the bidding process which took place at the Auction.

    5.    Debtor designates the WERC bid as the Winning Bid and the VA West bid as the Back-up Bid pursuant to the Procedures. Accordingly, Debtor now requests the Court to approve the sale of the Project to WERC for $10,000,000. Debtor also requests the Court to approve the sale of the Project to VA West for $9,500,000 in the event that the sale to WERC is not consummated. WERC (or VA West) constitutes a good faith purchaser pursuant to 11 U.S.C. §363(m).

    6.    Bankruptcy Code Section 363(b)(1) provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the

2

estate." The decision to enter into an agreement out of the ordinary course of a debtor's business is to be based on the reasonable business judgment of the debtor. *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.,* 722 F.2d 1063, 1070 (2d Cir. 1983). The court should approve a use, sale or lease of property under Bankruptcy Code Section 363(b) if the debtor has established some articulated business justification for the proposed transaction. *In re Walter,* 83 B.R. 14, 16 (9th Cir. BAP 1988); *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830 (Bkrtcy. C.D. Cal. 1991).

7. Debtor's decision to sell the Project is based upon the reasonable exercise of its sound business judgment. The Project has been marketed vigorously for several months and relevant information regarding the Project has been widely disseminated in the marketplace. The bidding process and the subsequent Auction appear to have been well designed to elicit the maximum sale price for the Project. As Debtor does not retain the financial capability to maintain the Project, much less complete it, the sale of the Project is the most feasible approach to realize the best possible outcome for the estate and its creditors.

8. The August 11 Order provided a deadline of August 30, 2010 at 1:00 p.m. for the filing of any objections to the proposed sale of the Project. No timely objections were filed. Debtor's largest creditor, BB Syndication Services, Inc. ("BBSSI"), has consented to the sale. Good cause exists to approve the sale of the Project free and clear of liens and interests.

THEREFORE, IT IS HEREBY ORDERED as follows:

1. The sale of the Project free and clear of liens and interests to WERC for $10,000,000 is approved. Debtor and WERC are authorized and directed to take all necessary and appropriate action to implement the sale of the Project including execution of the sale contract and all other steps needed to close the sale.

2. In the event that the sale to WERC is not consummated, the sale of the Project free and clear of liens and interests to VA West for $9,500,000 is approved. Debtor and VA West are authorized and directed to take all necessary and appropriate action to implement the sale of the Project including execution of the sale contract and all other steps needed to close the sale.

3. All lien claims and interests shall attach to the sale proceeds to the extent of their validity, perfection, and priority against the Project. The net sale proceeds shall be deposited by Debtor in a separate, segregated account. Debtor is authorized and directed to pay BBSSI all amounts outstanding on the post-petition financing provided by BBSSI. The remaining sale proceeds shall remain in the segregated account pending further order of the Court.

Date: August 31, 2010         */s/Dennis R. Dow*
                              United States Bankruptcy Judge

**SUBMITTED BY:**

McDOWELL RICE SMITH & BUCHANAN

/s/ Jonathan A. Margolies
Jonathan A. Margolies   MO #30770
605 W. 47th Street, Suite 350
Kansas City, MO 64112
Telephone:   (816)753-5400
Facsimile:   (816)753-9996
Email: jmargolies@mcdowellrice.com
ATTORNEYS FOR DEBTOR